## Commonwealth v. Feaser

*David J. Brightbill, Assistant District Attorney*, for Commonwealth.

*Robert C. Rowe*, of *Spitler, Rowe & Kilgore*, for defendant.

GATES, *P. J.*, April 29, 1975—This is an appeal from a summary conviction, the outcome of which depends upon a resolution of the authority of an

auxiliary policeman to institute a summary traffic violation proceeding by the issuance of a citation.

The facts are simply these: Chief of Police David of the Millcreek-Richland Police Department, called auxiliary police officer Dennis L. Morgan to duty. At 12:30 in the morning of November 16, 1974, he clocked and stopped defendant for speeding. The auxiliary police officer issued a traffic citation on the scene and defendant receipted for a copy.

The sole issue is the validity of the proceeding by the issuance of a traffic citation.

Pa.R.Crim.P. 51 authorizes the institution of proceedings in summary cases by the issuance of a citation under certain circumstances and by certain police officers. It is specifically provided in paragraph (C) of Rule 51 that:

"For the purpose of this Rule, a police officer shall be limited to a member of the Pennsylvania State Police Force, a member of the police department authorized and operating under the authority of any political subdivision and any employee of the Commonwealth or a political subdivision having the powers of a police officer when acting within the scope of his employment."

Unquestionably, only police officers as defined above may institute summary proceedings by use of the citation. Of course, others may begin a proceeding by filing a written complaint with an issuing authority.

Auxiliary police officers are the creature of the Act of General Assembly which provided for supplementing the police force of cities, boroughs, towns and townships in cases of distress, disaster or emergency. It is known as the Act of January 14,

1952, P.L. (1951) 2016, secs. 1, et seq., 53 P.S. §731. In section 2 of the act, the chief of police of any municipality may nominate trained persons as auxiliary police officers. All persons nominated by the chief must be confirmed and sworn by the mayor, burgess, chairman of the commissioners or supervisors of the townships. The oath is set forth in the act. Auxiliary police officers so nominated serve at the pleasure of the chief of police.

However, section 4 of the act specifically provides as follows:

"The mayor of any city, the burgess of any borough or town, and the chairman of commissioners or supervisors of any township, may call the auxiliary police to active duty during any period of distress, disaster or emergency, except in cases of labor disturbances."

The act further provides that auxiliary policemen on active duty shall have the same power as regular police officers of the municipality in which they are serving. However, until auxiliary policemen are activated by the governing body during periods of distress, disaster or emergency, they have no police powers. No such action was taken in this case. Inasmuch as only police officers as defined in Rule 51(C) having the powers of a police officer when acting within the scope of their employment may institute a summary vehicle proceeding by citation, it follows that the procedure employed in this case is unauthorized and the appeal must be sustained.

## ORDER

And now, April 29, 1975, defendant's motion to quash the proceedings is granted and the appeal is sustained. Costs to be paid by the County of Lebanon.